IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DICK V. LALOWSKI,<br>   Plaintiff,<br>v.<br><br>CITY OF DES PLAINES, Illinois, a municipal corporation; DES PLAINES BOARD OF FIRE & POLICE COMMISSIONERS, a municipal corporation; JAMES PRANDINI, individually and as Chief of Police for City of Des Plaines,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

FILED: JULY 2, 2008
08CV3780
JUDGE ZAGEL
MAGISTRATE JUDGE DENLOW
MKH

## COMPLAINT

NOW COMES the Plaintiff, DICK V. LALOWSKI, by and through his attorneys, RICHARD J. REIMER & ASSOCIATES LLC, complaining against the Defendants as follows:

### JURISDICTION AND VENUE

1) This action arises under the United States Constitution particularly under the provisions of the First and Fourteenth Amendment to the Constitution of the United States, and under 42 U.S.C. §1983 and §1988.

2) This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331 and §1343.

3) The acts complained of herein all occurred within Cook County, Illinois. Venue is proper under 28 U.S.C. §1391 (b).

4) This Court has supplemental jurisdiction over the prosecution of the State Law claims.

5) Plaintiff demands trial by jury for all issues that a jury trial is appropriate.

## PARTIES

6) Plaintiff, DICK V. LALOWSKI. (hereinafter "Lalowski" or "Plaintiff") is a citizen of the United States of America and a citizen of the State of Illinois. At all relevant times hereto Lalowski, was employed as a sworn police officer for the City of Des Plaines Police Department (hereinafter "Department"). Plaintiff, at all times relevant to this case, was the Chapter President of the Union representing the police officers employed by the City of Desplaines: Metropolitan Alliance of Police, Chapter #240.

7) Defendant JAMES PRANDINI (hereinafter "Chief" or "Prandini") at all relevant times hereto, was the duly appointed Police Chief of the Department. Prandini is sued individually and in his official capacity as Police Chief. Prandini is a "policy maker" for the Defendant City of Des Plaines.

8) Defendant City of Des Plaines ("City") is a municipal corporation and body politic organized and existing under the Constitution and laws of the State of Illinois. Pursuant to and in furtherance of its State Constitutional and Statutory powers and authorities, the City of Des Plaines maintained the Des Plaines Police Department as an agency of local government charged *inter alia* with the maintenance of public order and maintenance of public safety.

9) Defendant Des Plaines Fire & Police Commission is a municipal corporation and body politic organized and existing under the Constitution and laws of the State of Illinois. Pursuant to and in furtherance of its State Constitutional and Statutory powers and authorities, the Des Plaines Fire & Police Commission has the

authority to terminate non-probationary Des Plaines police officers, including the Plaintiff, for just cause.

## FACTS APPLICABLE TO ALL COUNTS

10) On the morning of May 20, 2006, Plaintiff, while off-duty, and not identifying himself or acting as a police officer or representative of the City of Des Plaines, went to an area outside of an abortion clinic located at 110 South River Road, in the City of Des Plaines, State of Illinois.

11) At the abovementioned time and place, some protesters had publicly gathered to protest against abortion, a matter of public concern.

12) Plaintiff disagreed with the protesters. Plaintiff disagreed with the manner by which the protesters expressed their opinions (e.g. publicly displaying large placards with photographs of disfigured and bloody fetuses). Plaintiff expressed his disagreement, as a private citizen, with the protesters regarding abortion by publicly addressing the protesters. The protesters took exception to the manner by which the Plaintiff expressed his disagreement.

13) At all times relevant hereto, the Plaintiff spoke as a private citizen.

14) None of Plaintiff's speech constituted "fighting words" or "hate speech."

15) None of Plaintiff's speech was made pursuant to any official duty he had due to his occupation as a police officer or employee of the City of Des Plaines.

16) None of Plaintiff's speech interfered with his employer's internal or external operations, nor did it interfere with the services it provides.

17) The protesters then reported Plaintiff's speech to his employer, the City of Des Plaines.

18) In retaliation for speaking as a private citizen on a matter of public concern, Chief Prandini decided to suspend Lalowski without pay and file charges with the Board of Fire and Police Commissioners, seeking Plaintiff's termination as a Des Plaines police officer.

19) In retaliation for speaking as a private citizen on a matter of public concern, the City of Des Plaines terminated Plaintiff's employment as a police officer.

20) The City of Des Plaines also terminated Plaintiff due to his association with a labor union, namely Metropolitan Alliance of Police, Chapter #240.

21) Amongst other duties, part of Plaintiff's duties as Chapter President included representing union members in grievances and discipline, negotiating contracts, and advocating for union members.

22) Due to his duties as a Chapter President, Defendants terminated Plaintiff from his position as a police officer with the City of Des Plaines.

23) In retaliation for associating with Metropolitan Alliance of Police Chapter #240, Chief Prandini suspended Lalowski without pay and brought charges before the Board of Fire and Police Commissioners seeking his termination.

24) Chief Prandini also retaliated against Plaintiff by ostracizing and isolating him from other officers. Prandini also unfairly singled Plaintiff out for disproportionate discipline.

25) Defendants rely upon the City of Des Plaines Police Department Rules and Regulations (hereinafter "RULES") as a pretext for terminating the Plaintiff.

## COUNT I.
## FIRST AMENDMENT RETALIATION FOR PROTEST SPEECH PURSUANT TO 42 U.S.C. §1983

26) Plaintiff realleges and asserts the allegations contained in all of the paragraphs set forth above as if fully pled herein.

27) Plaintiff's statements made regarding the abortion protest and protesters were matters of public concern.

28) Plaintiff's statements were matters of public concern.

29) Plaintiff is a victim of retaliation by the Defendants for his speaking out as regarding these matters of public concern.

30) As a direct result of Plaintiff's speaking out regarding matters of public concern, the Defendants engaged in a campaign of harassment, intimidation, and retaliation directed at Plaintiff.

31) The custom practice and policy of the Defendant City of Des Plaines is to retaliate against any employees who speak out on matters of public concern regarding abortion and abortion protesting. The acts of retaliation, include but not limited to the following:

    A) Terminating Plaintiff.

    B) Suspending Plaintiff without pay pending a hearing before the Fire and Police Commission.

      C)      Publishing unflattering statements about Plaintiff in the press when the Department traditionally does not do the same to other officers facing disciplinary action.

32)      The false, malicious and retaliatory acts of the Defendants have resulted in extreme humiliation and embarrassment to Plaintiff, have diminished his reputation in the community, and have precluded his future employment as a police officer.

33)      The acts of the Defendants have resulted in the denial or loss of salary and other benefits, other economic damages and severe emotional pain, suffering and distress.

34)      This Count is brought against all Defendants named in the caption above.

WHEREFORE, Plaintiff requests that judgment be entered against all of the Defendants, jointly and severally, for compensatory damages in a fair and reasonable amount, for punitive damages, for interest on Plaintiff's compensatory damages, at a rate set by law, for Plaintiff's costs, including Attorney's fees, an injunction barring any future retaliation against the Plaintiff, reinstatement, and for such other and further relief as the Court deems just and proper.

## COUNT II.
## FIRST AMENDMENT RETALIATION FOR UNION ACTIVITY PURSUANT TO 42 U.S.C. §1983

35)      Plaintiff realleges and asserts the allegations contained in all of the paragraphs set forth above as if fully pled herein.

36)      Plaintiff's statements and actions made while acting as Chapter President of Metropolitan Alliance of Police Chapter #240 were on matters of public concern.

37) Plaintiff is a victim of retaliation by the Defendants for his speaking out as regarding these matters of public concern.

38) As a direct result of Plaintiff's speaking out regarding matters of public concern, the Defendants engaged in a campaign of harassment, intimidation, and retaliation directed at Plaintiff.

39) Plaintiff has a right to freely associate with the Metropolitan Alliance of Police Chapter #240.

40) As a direct result of associating with Metropolitan Alliance of Police Chapter #240, the Defendants engaged in a campaign of harassment, intimidation, and retaliation directed at Plaintiff.

41) The custom practice and policy of the Defendant City of Des Plaines is to retaliate against any employees who speak out on matters of public concern regarding union concerns or for associating with the Metropolitan Alliance of Police Chapter #240. The acts of retaliation, include but not limited to the following:

    A) Terminating Plaintiff.

    B) Suspending Plaintiff without pay pending a hearing before the Fire and Police Commission.

    C) Publishing unflattering statements about Plaintiff in the press when the Department traditionally does not do the same to other officers facing disciplinary action.

42) The false, malicious and retaliatory acts of the Defendants have resulted in extreme humiliation and embarrassment to Plaintiff, have diminished his reputation in the community, and have precluded his future employment as a police officer.

43) The acts of the Defendants have resulted in the denial or loss of salary and other benefits, other economic damages and severe emotional pain, suffering and distress.

44) This Count is brought against all Defendants named in the caption above.

WHEREFORE, Plaintiff requests that judgment be entered against all of the Defendants, jointly and severally, for compensatory damages in a fair and reasonable amount, for punitive damages, for interest on Plaintiff's compensatory damages, at a rate set by law, for Plaintiff's costs, including Attorney's fees, an injunction barring any future retaliation against the Plaintiff, reinstatement, and for such other and further relief as the Court deems just and proper.

## COUNT III.
## DEFENDANTS' RULES VIOLATE THE FIRST AMENDMENT PURSUANT TO 42 U.S.C. §1983

45) Plaintiff realleges and asserts the allegations contained in all of the paragraphs set forth above as if fully pled herein.

46) In particular the Defendants rely upon the following RULES as a pretext for terminating and otherwise retaliating against Plaintiff:

    A) Rule 310.02 (Conduct Unbecoming);

    B) Rule 310.54 (Courtesy);

    C) Rule 310.34 (Obedience to Laws and Directives of the Department); and

Case 1:08-cv-03780   Document 1   Filed 07/02/2008   Page 9 of 14

    D)    Rule 390.40 (Truthfulness).[1]

47)    These rules are overbroad and chill the expression of protected speech.

48)    The RULES were not carefully drawn or authoritatively construed to punish only unprotected speech.

49)    The RULES are susceptible to application to protected expression.

50)    This Count is brought against all Defendants named in the caption above.

WHEREFORE, Plaintiff requests that judgment be entered against all of the Defendants, jointly and severally, for compensatory damages in a fair and reasonable amount, for punitive damages, for interest on Plaintiff's compensatory damages, at a rate set by law, for Plaintiff's costs, including Attorney's fees, an injunction barring any future retaliation against the Plaintiff, reinstatement, a declaration finding the abovementioned RULES are unconstitutional and void, and for such other and further relief as the Court deems just and proper.

### COUNT IV.
### ILLINOIS CONSTITUTIONAL
### PURSUANT TO 740 ILCS 23/1 *et seq.*

51)    Plaintiff realleges and asserts the allegations contained in all of the paragraphs set forth above as if fully pled herein.

52)    This count is brought pursuant to the Illinois Civil Rights Act of 2003 (740 ILCS 23/1 *et seq*.

---

[1] In its decision and order, the Board refers to Rule 390.50 as its basis for termination. However, in the charges issued against Plaintiff, it refers to Rule 390.40.

9

53)     To the extent Article I §§ 4 and 5 of the Illinois Constitution provide greater protection than the protections afforded by the First and Fourteenth Amendments of the U.S. Constitution, the Plaintiff seeks redress pursuant to 740 ILCS 23/1 *et seq.*

54)     The RULES used by the Defendants as a pretext to terminate the Plaintiff are unconstitutional under Article I §§ 4 and 5 of the Illinois Constitution.

55)     This Count is brought against all Defendants named in the caption above.

WHEREFORE, Plaintiff requests that judgment be entered against all of the Defendants, jointly and severally, for compensatory damages in a fair and reasonable amount, for punitive damages, for interest on Plaintiff's compensatory damages, at a rate set by law, for Plaintiff's costs; including Attorney's fees, an injunction barring any future retaliation against the Plaintiff, a declaration finding the abovementioned RULES are unconstitutional and void, reinstatement, and for such other and further relief as the Court deems just and proper.

**COUNT V.**
**Lalowski v. Des Plaines Board of Fire & Police Commissioners**
**ADMINISTRATIVE REVIEW OF TERMINATION**

56)     This is an action brought pursuant to 735 ILCS §5/3-101 et seq. of the Illinois Code of Civil Procedure for judicial review of an administrative decision rendered by the Des Plaines Fire & Police Commission.

57)     Plaintiff, was employed as a Police officer for the City of Des Plaines Police Department.

58)     Defendant, Des Plaines Fire & Police Commission, is a statutorily created administrative agency, created pursuant to 65 ILCS §5/10-2.1-01 et seq. The Board is

vested with the authority to hire, promote, discipline and discharge police officers of its municipality.

59) Defendant JAMES PRANDINI, is the duly appointed Chief of Police for the Des Plaines Police Department.

60) On September 21, 2006, an initial hearing was scheduled on the charges pending against Plaintiff, for an alleged violation of the Department's Policies. During this initial hearing, the parties agreed to a bifurcated hearing with liability and sentencing to be considered on separate dates. Based on the requests of the parties, a new date to commence the hearing was scheduled.

61) On October 12, 2006, the Board met to consider Lalowski's motion to stay the proceedings and the Chief's motion to suspend Lalowski without pay pending the outcome of the hearing. Lalowski's motion was denied and the Chief's was granted.

62) Hearings were held on the liability portion of the Chief's Charges on April 13, April 16, April 20, and May 22, 2007.

63) On June 12, 2007 the Board deliberated in executive session. On June 19, 2007, the Board sustained all of the charges against Lalowski.

64) On September 5, 2007 the penalty, or sentencing, phase of the proceedings began. The penalty phase continued on October 2 and October 22, 2007.

65) On November 20, 2007, the Board met in executive session to consider sentencing.

66) On December 3, 2007, the Board voted unanimously to discharge Lalowski from his position as a police officer for the City of Des Plaines.

67) The Commission entered its written decision on May 30, 2008. (a copy of that decision is attached hereto as Exhibit "A").

68) The Commission's, May 30, 2008, Decision and Order is a final administrative decision which terminates all matters before the Commission and is subject to review under the provisions of administrative review, pursuant to 65 ILCS §5/10-2.1-17 of the Municipal Code 65 ILCS §5/10-2.1-1 et seq.

69) Plaintiff seeks review of the Board's decision in this case on the basis that:

(A) The Commission's decision is against the manifest weight of the evidence;

(B) The Commission's decision is based on erroneous rulings and interpretations of law;

(C) The Commission's decision violates Illinois law and the U.S. Constitution; and

(D) The Board's decision is arbitrary and capricious.

70) The Commission, as Defendant herein, is requested to file an answer, consisting of the entire record of proceedings held before the administrative agency pertaining to entry of said decision of which Plaintiff seeks judicial review.

71) Without in any manner restricting the scope of the foregoing, the Plaintiff specifically requests that the entire transcript of the hearings held before the Commission (including transcripts of executive sessions), including exhibits and all correspondence and orders of the Commission, be filed by the Commission as part of the record hearing.

WHEREFORE the Plaintiff seeks the following relief:

(A) That the Decision of the Board of Fire and Police Commissioners be judicially reviewed by this Court;

(B) That the decision of the Board of Fire and Police Commissioners discharging the Plaintiff from the Des Plaines Police Department be reversed and set aside in its entirety;

(C) That the Board be ordered to reinstate the Plaintiff to the Police Department, retroactive to his last date of pay and award Plaintiff full salary and benefits;

(D) Award the Plaintiff pre-judgment interest pursuant to the Code of Civil Procedure, 735 ILCS 5/2-1303, retroactive to his last date of pay;

(E) That the Plaintiff be awarded attorneys fees and costs of this suit; and

(F) For any other and further relief that the court deems just and proper.

      Respectfully Submitted,
      RICHARD J. REIMER & ASSOCIATES, LLC.

By:   /s/ *Richard J. Reimer*
      Richard J. Reimer
      One of the Attorneys for Plaintiff

**JURY DEMAND**

The Plaintiff hereby demands trial of this matter by jury on all matters where trial by jury is appropriate.

                         Respectfully Submitted,
                         RICHARD J. REIMER & ASSOCIATES, LLC.

            By:   /s/ *Richard J. Reimer*
                         Richard J. Reimer
                         One of the Attorneys for Plaintiff

Richard J. Reimer, #619572
Keith A. Karlson, #6279194
RICHARD J. REIMER & ASSOCIATES LLC
15 Spinning Wheel Rd., Suite 310
Hinsdale, IL  60521
(630) 654-9547
(630 654-9676 fax