UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DICK V. LALOWSKI,

    Plaintiff,

v.

CITY OF DES PLAINES, Illinois, a municipal corporation; DES PLAINES BOARD OF FIRE & POLICE COMMISSIONERS, a municipal corporation; JAMES PRANDINI, individually and as Chief of Police of City of Des Plaines,

    Defendants.

No. 08 C 3780
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

This case arises out of Defendants' alleged retaliatory actions following Plaintiff's conduct at an abortion protest. Plaintiff brings his second amended complaint against three defendants, the City of Des Plaines, the Des Plaines Board of Fire & Police Commissioners ("Des Plaines Board"), and Chief of Police James Prandini. Defendant Des Plaines Board comes now with a motion to dismiss Counts I-IV against it claiming that it is not a proper defendant to Plaintiff's four constitutional counts because it is only suable under Illinois' Administrative Review Law (735 ILL. COMP. STAT 5/3-101(2002)), not under 42 U.S.C. § 1983. For the foregoing reasons Defendant's motion is granted.

## I. BACKGROUND

Plaintiff was employed as a police officer for the City of Des Plaines and served as the Chapter President of the Union representing the police officers employed by the City of Des Plaines: Metropolitan Alliance of Police, Chapter #240. On May 20, 2006, Plaintiff publicly

expressed his disagreement with protesters regarding abortion. Plaintiff claims that he expressed his views as a private citizen and while off duty. Protestors complained to the Des Plaines Police Department and the City of Des Plaines about the manner in which Plaintiff expressed his views.

In September 2006, Plaintiff was suspended without pay by Chief Prandini. Chief Prandini also filed charges with the Des Plaines Board where he sought Plaintiff's termination from his position as a Des Plaines police officer. Plaintiff's employment as a Des Plaines police officer was subsequently terminated.

Plaintiff asserts the following five counts: (1) First Amendment retaliation for protest speech pursuant to 42 U.S.C. § 1983; (2) First Amendment retaliation for union activity pursuant to 42 U.S.C. § 1983; (3) rules of conduct in violation of the First Amendment pursuant to 42 U.S.C. § 1983; (4) Illinois Constitutional violation pursuant to the Illinois Civil Rights Act of 2003 (740 ILL. COMP. STAT. 23/1 *et seq*. (2004) ); and (5) administrative review of Plaintiff's termination pursuant to 735 ILL. COMP . STAT 5/3-101 *et seq*. (West 2002) of the Illinois Code of Civil Procedure. Plaintiff seeks compensatory and punitive damages in Counts I-IV.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I must accept all well-pleaded factual allegations in the complaint as true, drawing all reasonable inferences from those facts in Plaintiff's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). Plaintiff's factual allegations must be sufficient "to raise a right to relief above the speculative level." *Id.* To survive, a complaint must contain enough facts, when, accepted as true, "state a claim to relief that is plausible on its face." *Id.* at 570. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

## III. DISCUSSION

Defendant Des Plaines Board argues that it is not a suable entity for purposes of Plaintiff's constitutional claims, and that Plaintiff's only cause of action is in administrative review. Aside from this limited cause of action, the Des Plaines Board states that it is not a separate suable legal entity. Defendant states that because Illinois' Administrative Review Law applies to its decision to terminate Plaintiff, no other "statutory, equitable or common law mode of review" of its decision can be applied. 735 ILL. COMP. STAT. 5/3-102 (2002).

Illinois Administrative Review Law ("ARL") applies to and governs "every action to review judicially a final decision of any administrative agency." 735 § 5/3-102. Neither party disputes that the Des Plaines Board is a statutorily created administrative board under Illinois law that is subject to ARL. When ARL is applicable no "other statutory, equitable or common law mode of review of decisions of administrative agencies" shall be employed. *Id*. Plaintiff does not dispute the fact that ARL applies to the Des Plaines Board's decision and in fact seeks administrative review of the decision in Count V of his Second Amended Complaint. The ARL grants the reviewing court the power to "affirm or reverse the [agency] decision in whole or in

3

part." 735 ILL. COMP. STAT 5/3-111(a)(4) (2008). ARL does not explicitly provide for the recovery of monetary damages for a wrongful decision made by an administrative agency. *Id*.

It is well-established in Illinois that a police department is not a suable entity, even regarding claims arising under § 1983. *See Best v. City of Portland*, 554 F.3d 698, 698 n* (7th Cir. 2009); *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). Defendant argues that the Des Plaines Board is an extension of the police department and similarly is not a suable entity. Plaintiff does not dispute Defendant's assertion that a police department is not a suable entity, but instead considers this argument and law irrelevant to this case. Furthermore, he states that the cases cited by Defendant to support this argument are distinguishable because they deal with the Chicago Police Department and Chicago Police Board. Plaintiff asserts that the Des Plaines Board operates independently from the Des Plaines Police Department and is therefore a suable entity. Plaintiff fails, however, to support this assertion with either facts or case law.

Defendant argues that it is a mere extension of the police department and not an independent body. Accordingly, like the police department, it is not a suable entity. To support this contention, Defendant cites to *Moore v. Martin*, No. 89 c 7473, 1990 WL 37767 (N.D. Ill. March 15, 1990), *Moore v. City of Chicago*, No. 97 c 2170, 1998 WL 160891 (N.D. Ill March 31, 1998) and *Caliendo v. Rodriguez*, No. 94 c 4602, 1994 WL 659183 (N.D. Ill. Nov. 18, 1994). In *Caliendo* and *City of Chicago* the court found that the Chicago Police Department and the Police Board were not suable entities. *Caliendo*, 1994 WL 659183 at n1; *City of Chicago*, 1998 WL 160891 at *6. In *Martin*, the court explained that "as organizational divisions of the City" the Chicago Police Department and the Police Board of the City of Chicago did not enjoy a legal existence independent of the City, and were therefore dismissed from the case. *Martin*, 1990 WL

4

37767 at *1. Although the plaintiffs in *Martin* conceded that the Police Department was not a suable entity, they argued that the Police Board was a suable entity. *Id*. The court however found that no legal authority supported the notion that the Chicago Police Board enjoyed a separate legal existence and that in fact, statutory framework indicated that the Police Board was part of the Police Department. *Id*. at n1.

Plaintiff argues that unlike the Chicago Police Board, the Des Plaines Board enjoys greater independence from the police department and is therefore an independent entity. In support of this, Plaintiff cites to *Trzeciak v. Village of LaGrange*, No. 01 c 4977, 2003 WL 1193319 (N.D. Ill. March 13, 2003) and *Mank v. Bd. of Fire & Police Comm'rs,, Granite City*, et al., 288 N.E.2d 49, 52 (Ill. App. Ct. 1972). In *Trzeciak*, unlike the case at hand, the plaintiff did not sue the Board, but instead sued the Village of LaGrange under Title VII and the police chief and Village under § 1983 for retaliatory conduct. *Id*. at *1. Furthermore, the court did not consider the issue of whether the LaGrange Board of Fire and Police Commissioners was an independent entity for purposes of a lawsuit, but instead stated in its fact section that "[p]romotion decisions are solely within the authority of the LaGrange Board of Fire and Police Commissioners ("BFPC"), which is an independent entity consisting of three residents appointed by the Village President." *Id*. at *2. The court subsequently described the process by which that Board filled vacant positions. *Id*. at *1. The court's discussion of the Board's independence in *Trzeciak* was unrelated to whether or not it could be sued as an independent entity, and is thus unpersuasive in this case.

Plaintiff also cites to *Mank v. Bd. of Fire & Police Comm'rs,, Granite City, et al.*, 288 N.E.2d 49, 52 (Ill. App. Ct. 1972) to show that police boards are independent entities. Like

5

*Trzeciak*, *Mank*'s discussion of the Board's independence to make decisions is unrelated to its ability to be sued as an independent entity. In *Mank*, a lower court reversed an administrative decision to discharge an officer. *Mank*, 288 N.E.2d 49 at 51. The Board then appealed the court's decision. *Id*. The Appellate Court considered the question of whether the City, as a governing body, must authorize an appeal brought by the Board. *Id*. The court in *Mank*, discussed the Board's ability to make independent decisions and found that "[t]o say that the Board has to rely upon the city council for its actions in appealing or not appealing a case would seem to be an encroachment upon the desired independence as expressed by the statute." *Id*. at 52. Although the court found that the Board has independent decision-making authority, it did not address the Board's status as an independent entity for the purpose of bringing lawsuits outside of an administrative review.

I find that regardless of Defendant's ability to make independent employment decisions, the Des Plaines Board is not an independent suable entity. Accordingly, counts I-IV are not properly brought against Defendant Des Plaines Board. Because I find that Defendant is not a suable entity, I do not reach the parties' arguments regarding whether ARL is the only means of seeking redress against the Des Plaines Board.[1]

---

[1] In regard to Plaintiff's discussion of *Stykel v. City of Freeport*, 742 N.E.2d 906 (Ill. App. Ct. 2001), I find that Plaintiff's reliance is misplaced. *Stykel* dealt only with the issue of joinder, and found that a plaintiff could join constitutional claims with an administrative review action. *Id*. at 915. The Illinois Appellate Court did not discuss whether it was proper for a § 1983 claim to be brought against an administrative Board. *Id*.

## IV. CONCLUSION

For the foregoing reasons, I grant Defendant's motion to dismiss Plaintiff's counts I-IV against it. Counts I-IV stand against the remaining Defendants.

ENTER:

James B. Zagel
United States District Judge

DATE: January 8, 2010